1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RAYMOND D. JACKSON, SR.,

11              Plaintiff,              No. CIV S-05-1822 GEB JFM P

12        vs.

13   J. WOODFORD, et al.,               ORDER AND

14              Defendants.             REVISED SCHEDULING ORDER

15   _____/

16              On July 28, 2006, this court issued an order setting a schedule for this litigation.

17   Defendants have filed two requests to modify that order by extending the deadlines for

18   completion of discovery and filing dispositive motions.  Defendants do not seek an extension of

19   the date set for trial.  Plaintiff opposes the second request, contending that defendants are

20   engaged in "stall tactics."[1]  After review of the record herein, and good cause appearing,

21   defendants' requests will be granted and the court will, by this order, set a revised schedule for

22   /////

23   _____

24        [1]  In his October 3, 2006 response to defendants' September 14, 2006 request to extend
     the cutoff dates, plaintiff indicates no opposition to that request for extension of the scheduling
25   order deadlines, but does express some opposition to defendants' planned discovery into
     plaintiff's claims.  The court makes no findings at this time concerning the propriety of any
26   planned discovery request.

                                            1

this litigation.  The court does not intend to grant requests to extend the deadlines set in this order further.

As noted in the scheduling order filed July 28, 2006, the parties will, in due course, be required to file pretrial statements in accordance with the revised schedule set forth below.  In addition to the matters already required to be addressed in the pretrial statement in accordance with Local Rule 16-281, plaintiff will be required to make a particularized showing in his pretrial statement in order to obtain the attendance of witnesses.  Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in his pretrial statement.

At the trial of this case, the plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of trial evidence:  (1) exhibits and (2) the testimony of witnesses.  It is the plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony.  If the plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

I.      Procedures for Obtaining Attendance of Incarcerated Witnesses Who
        Agree to Testify Voluntarily

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court.  This court will not issue such an order unless it is satisfied that:

1. The prospective witness is willing to attend;  ____
_____  and

2. The prospective witness has actual knowledge of relevant facts.

With the pretrial statement, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a

/////

2

written motion for a court order requiring that such witnesses be brought to court at the time of trial.  The motion must:

    1.  State the name, CDC Identification number, and address of each such witness;

    and

    2.  Be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

The willingness of the prospective witness can be shown in one of two ways:

    1.  The party himself can swear by affidavit that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed.  The party must state in the affidavit when and where the prospective witness informed the party of this willingness; or

    2.  The party can serve and file an affidavit sworn to by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness' actual knowledge of relevant facts can be shown in one of two ways:

    1.  The party himself can swear by affidavit that the prospective witness has actual knowledge.  However, this can be done only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts.  For example, if an incident occurred in the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify.

/////

/////

3

Or

2.  The party can serve and file an affidavit sworn to by the prospective

witness in which the witness describes the relevant facts to which the

prospective witness was an eye- or ear-witness.  Whether the affidavit is

made by the plaintiff or by the prospective witness, it must be specific

about what the incident was, when and where it occurred, who was

present, and how the prospective witness happened to be in a position to

see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated

witnesses, specifying which prospective witnesses must be brought to court.  Subsequently, the

court will issue the order necessary to cause the witness' custodian to bring the witness to court.

II.   Procedures for Obtaining Attendance of Incarcerated Witnesses Who
      Refuse to Testify Voluntarily

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to

testify voluntarily, the party should submit with his pretrial statement a motion for the attendance

of such witnesses.  Such motion should be in the form described above.  In addition, the party

must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

III.  Procedures for Obtaining Attendance of Unincarcerated Witnesses Who
      Agree to Testify Voluntarily

It is the responsibility of the party who has secured an unincarcerated witness'

voluntary attendance to notify the witness of the time and date of trial.  No action need be sought

or obtained from the court.

IV.  Procedures for Obtaining Attendance of Unincarcerated Witnesses Who
     Refuse to Testify Voluntarily

If a prospective witness is not incarcerated, and he or she refuses to testify

voluntarily, not earlier than four weeks and not later than two weeks before trial, the party must

4

1  prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the

2  witness.  (Blank subpoena forms may be obtained from the Clerk of the Court.)  Also, the party

3  seeking the witness' presence must tender an appropriate sum of money to the witness through

4  the United States Marshal.  In the case of an unincarcerated witness, the appropriate sum of

5  money is the daily witness fee of $40.00 plus the witness' travel expenses.

6          A subpoena will not be served by the United States Marshal upon an

7  unincarcerated witness unless the subpoena is accompanied by a money order made payable to

8  the witness for the full amount of the witness' travel expenses plus the daily witness fee of

9  $40.00, and a copy of the court's order granting plaintiff in forma pauperis status.  Because no

10 statute authorizes the use of public funds for these expenses in civil cases, the tendering of

11 witness fees and travel expenses is required even if the party was granted leave to proceed in

12 forma pauperis.

13         In accordance with the above, IT IS HEREBY ORDERED that:

14         1.  Defendants' September 14, 2006 and October 31, 2006 motions to modify the

15 scheduling order are granted.

16         2.  The parties may conduct discovery until February 15, 2007.  Any motions

17 necessary to compel discovery shall be filed by that date.  All requests for discovery pursuant to

18 Fed. R. Civ. P. 31, 33, 34 or 36 shall be served not later than sixty days prior to that date.

19         3.  All pretrial motions, except motions to compel discovery, shall be filed on or

20 before March 13, 2007.  Motions shall be briefed in accordance with paragraph 7 of this court's

21 order filed December 21, 2005.

22         4.  Plaintiff shall file and serve his pretrial statement and any motions necessary to

23 obtain the attendance of witnesses at trial on or before April 27, 2007.  Defendants shall file their

24 pretrial statement on or before May 11, 2007.  The parties are advised that failure to file a pretrial

25 statement may result in the imposition of sanctions, including dismissal of this action.

26 /////

5.  Pretrial conference (as described in Local Rule 16-282) is set in this case for May 18, 2007, before the magistrate judge.  The pretrial conference shall be conducted on the file only, without appearance by either party.

6.  This matter remains set for jury trial before the Honorable Garland E. Burrell on July 17, 2007, at 9:00 a.m. in Courtroom 10.

DATED:  November 30, 2006.

UNITED STATES MAGISTRATE JUDGE

12
jack1822.41rev