IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND D. JACKSON, SR.,

          Plaintiff,                      No. CIV S-05-1822 GEB JFM P

     vs.

J. WOODFORD, et al.,

          Defendants.          ORDER

_____/

          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that his constitutional rights were violated by the loss of legal documents necessary to his pursuit of relief from his criminal conviction and by acts and omissions of defendants in connection with grievances filed by plaintiff concerning the loss of those documents.  Several matters are pending before the court.

          On December 7, 2006, plaintiff filed a document styled as a request for sanctions.  Therein, plaintiff contends that defendants acted in bad faith in seeking extensions of time to respond to plaintiff's first set of interrogatories and request for production of documents, and that defendants' true intention in seeking the extensions of time was to block plaintiff's efforts to seek relief from his criminal conviction, and to keep plaintiff from learning that the legal documents in question had been destroyed in a fire in the Los Angeles County Court of Appeal

1

1    Archives and could not be replaced.  Plaintiff has filed numerous documents in connection with

2    this request for sanctions, including a supplemental motion for sanctions on December 5, 2006,

3    as well as an addendum to the supplemental motion for sanctions, a motion to strike that

4    addendum, and a revised addendum, all filed on January 9, 2007.  The assertions made by

5    plaintiff in support of his motion do not support an inference that defendants have acted in bad

6    faith or willfully delayed either the prosecution of this action or plaintiff's discovery of

7    information relevant to his quest to replace his lost legal materials.  Plaintiff's request for

8    sanctions and his supplemental motion for sanctions will be denied.[1]

9             On December 13, 2006, plaintiff filed a request for a settlement conference.  That

10   request is not joined by defendants.  It does not appear that a settlement conference is appropriate

11   at this time.  Plaintiff's request will be denied.

12            On December 21, 2006, plaintiff filed a motion to compel discovery responses

13   that, pursuant to this court's November 30, 2006 order, were to be served on or before December

14   15, 2006.  In opposition to the motion, defendants have presented evidence that they served the

15   discovery responses at issue on December 14, 2006.  Plaintiff's motion will therefore be denied.

16            On January 9, 2007, plaintiff filed another motion to compel discovery.  This

17   motion has several parts.

18            First, plaintiff seeks an order requiring Linda Melching[2] and defendant J.

19   Woodford to verify responses to interrogatories that they served on plaintiff on December 14,

20   2006.  With their opposition, defendants have presented evidence that on January 4, 2007 they

21

22        [1]  Plaintiff's motion to strike his addendum to his supplemental motion for sanctions will
     be granted.  The record will reflect that plaintiff's December 5, 2006 supplemental motion for
23   sanctions is accompanied by the revised addendum thereto filed January 9, 2007 (docket # 53).

24        [2]  Linda Melching is identified as a defendant in plaintiff's motion, and in defendants'
     opposition to the motion, as well as in the parties' cross-motions for summary judgment.
25   Plaintiff also seeks summary judgment against Ana Ramirez-Palmer.  However, the record
     reflects that Ms. Melching and Ms. Ramirez-Palmer were dismissed from this action pursuant to
26   plaintiff's May 24, 2006 motion and Fed. R. Civ. P. 41(a).

1   forwarded to verifications for these two sets of interrogatory responses.  This aspect of plaintiff's

2   motion is moot.

3           In part two and part four of the motion, plaintiff contends that Ms. Melching and

4   defendant Schwartz failed to specifically identify their supervisors as requested by interrogatory

5   number 5 to Ms. Melching and interrogatory number 2 to defendant Schwartz.  In their

6   opposition, filed January 23, 2007, defendants state that they planned to supplement these

7   response within thirty days and to advise the court upon service of the supplemental responses.

8   No such advisement appears in the record.  Good cause appearing, defendants will be granted

9   five days from the date of this order to file and serve a copy of the supplemental responses.

10           Finally, in part three of the motion, plaintiff contends that defendant Williams'

11   response to interrogatory number 5 is incomplete.  In their opposition, defendants correctly

12   observe that the copy of defendant Williams' responses that is attached to plaintiff's motion has

13   pages stapled out of order, with page 5 following page 1 rather than page 4.  The response to

14   interrogatory number 5 at issue is on pages 4 and 5 of the responses and complete even though

15   out of order.  This aspect of plaintiff's motion will be denied.

16           On January 30, 2007, plaintiff filed a motion styled as a motion for default.

17   Plaintiff's motion is grounded in defendants' failure to file any response to plaintiff's September

18   14, 2006 motion for preliminary injunction.[3]  In opposition to the motion for default, defendants

19   contend that a notice issued by the Clerk of the Court on November 30, 2006, providing that

20   opposition to plaintiff's motion was due within twenty-one days, was insufficient to require the

21   filing of an opposition.  Defendants' interpretation of this court's December 20, 2005 order

22   concerning the circumstances under which opposition to a motion should be filed is in error.

23

24           [3]  On January 4, 2007, plaintiff filed a motion to compel defendants to file a response to
    the motion for preliminary injunction.  On November 30, 2006, the Clerk of the Court issued a
25   notice setting a briefing schedule on the motion.  By that notice, defendants were given the
    opportunity to file a response to the motion and they failed to do so.  No response will be
26   compelled.

1   Opposition to plaintiff's motion for preliminary injunction was due on or about December 21,

2   2006.  Nonetheless, default is not the appropriate remedy under the circumstances of this case.

3   The court will issue findings and recommendations on plaintiff's motion for preliminary

4   injunction on the record before the court.

5             On March 13, 2007, defendants filed a motion for summary judgment.  On March

6   26, 2007, plaintiff filed a motion for an extension of time to file an opposition to the motion.

7   Plaintiff filed an opposition on April 12, 2007.  Good cause appearing, plaintiff's motion for

8   extension of time will be granted nunc pro tunc and his April 12, 2007 opposition deemed timely

9   filed.

10            Finally, on April 20, 2007, plaintiff filed a request for an extension of time to file

11  his pretrial statement.  On May 29, 2007, plaintiff filed a pretrial statement, a request for a writ of

12  habeas corpus ad testificandum, and a motion in limine.  Plaintiff's motion for extension of time

13  will be granted and his pretrial documents deemed timely filed.  However, due to the pendency of

14  the parties' cross-motions for summary judgment, defendants will be relieved of the obligation to

15  file a pretrial statement, and the dates for pretrial conference and for jury trial will be vacated.  In

16  accordance with that order, plaintiff's request for writ of habeas corpus ad testificandum and his

17  motion in limine will be denied without prejudice to their renewal, as appropriate, should this

18  matter be reset for jury trial by subsequent order of the court.

19            In accordance with the above, IT IS HEREBY ORDERED that:

20            1.  Plaintiff's December 5, 2006 and December 7, 2006 requests for sanctions are

21  denied;

22            2.  Plaintiff's December 13, 2006 request for a settlement conference is denied;

23            3.  Plaintiff's December 2, 2006 motion to compel is denied;

24            4.  Plaintiff's January 4, 2007 motion is denied;

25            5.  Plaintiff's January 9, 2007 motion to strike is granted;

26  /////

4

6. The record shall reflect that plaintiff's December 5, 2006 supplemental motion for sanctions is accompanied by the revised addendum thereto filed January 9, 2007 (docket # 53)

7. Plaintiff's January 9, 2007 motion to compel is denied, except that defendants are directed to file within five days notice of service of supplemental responses as represented in defendants' opposition to said motion;

8. Plaintiff's January 30, 2007 motion for default is denied;

9. Plaintiff's March 26, 2007 motion for extension of time is granted;

10. Plaintiff's April 12, 2007 opposition to defendants' March 13, 2007 motion for summary judgment is deemed timely filed;

12. Plaintiff's April 20, 2007 request for extension of time is granted;

13. The pretrial documents filed by plaintiff on May 29, 2007 are deemed timely filed;

14. Defendants are relieved of the obligation to file a pretrial statement until further order of court;

15. The pretrial conference set for May 18, 2007 before the undersigned is vacated; and

16. The jury trial set for July 17, 2007 before the Honorable Garland E. Burrell, Jr. is vacated.

DATED: June 1, 2007.

UNITED STATES MAGISTRATE JUDGE

12
jack1822.cuo

5