IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND D. JACKSON, SR.,

      Plaintiff,                        2:05-cv-1822-GEB-JFM-P

      vs.

J. WOODFORD, et al.,

      Defendants.             ORDER

_____/

      Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

      On August 21, 2007, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Plaintiff has filed objections to the findings and recommendations.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

1

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 21, 2007, are adopted in full;

2. Plaintiff's September 14, 2006 motion for preliminary injunction is denied;

3. Plaintiff's March 6, 2007 motion for summary judgment is denied; and

4. Defendants' March 13, 2007 motion for summary judgment is granted.

5. Since summary judgment is granted on all of Plaintiff's federal claims, the discretionary decision will be made whether supplemental jurisdiction should continue being exercised over their lawsuit. This decision is made under 28 U.S.C. §§ 1367(c)(2) and (3), and "is informed by the [United Mine Workers v. Gibbs, 383 U.S. 715 (1966)] values of economy, convenience, fairness, and comity." Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (quotation marks omitted). "In the usual case in which all federal-law claims are eliminated . . . , the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); see also Wade v. Regional Credit Assoc., 87 F.3d 1098, 1101 (9th Cir. 1996). The Gibbs values of comity and fairness do not weigh in favor of the federal court deciding Plaintiff's state law claims, because as stated in Gibbs: "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." 383 U.S. at 726.

Therefore, Plaintiff's remaining state law claims are dismissed under § 1367(c)(3) as of the date on which this Order is filed.

Dated: September 13, 2007

GARLAND E. BURRELL, JR.
United States District Judge